UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROGRESSIVE MEDICAL CONSULTANTS, LLC, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION H-18-1128 |
| ICON SOLUTIONS, LLC, *et al.*, | § § § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiffs Progressive Medical Consultants, LLC, Shelby Mainzer, and Jaime Frazier's ("Plaintiffs") motion to dismiss Defendants' thirteen counterclaims. Dkt. 18. Defendants responded. Dkt. 21. Having considered the motion, response, and applicable law, the court is of the opinion that Plaintiffs' motion (Dkt. 18) should be GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Plaintiffs are salespeople specializing in pharmaceuticals and medical equipment. Dkt. 1 at 4. Defendants are medical equipment distributors. *Id.* Beginning in 2013, the parties entered into multiple contracts wherein Plaintiffs agreed to sell various products and services for Defendants. *Id.* at 4–12. The parties agreed that Plaintiffs would receive a set percentage of the gross revenue generated by Plaintiffs' sales. *Id.*

Plaintiffs allege that Defendants deducted excess amounts of claimed expenses, significantly decreasing Defendants' reported gross revenue and payments to Plaintiffs. *Id.* at 14. Plaintiffs sued Defendants for breach of contract, fraud, theft, unjust enrichment, and quantum meruit. *Id.* at 15–21.

Defendants brought thirteen counterclaims, most relating to improper use of trade secrets and interference with business relations. Dkt. 15 at 12–36. Plaintiffs now move to dismiss all eleven remaining counterclaims under Rule 12(b)(6).[1] Dkt. 18.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

## III. ANALYSIS

At the outset, Plaintiffs' central contention is that Defendants' counterclaims do not provide sufficient factual allegations to survive a Rule 12(b)(6) challenge. Dkt. 18. However, Defendants' counterclaims are detailed and generally provide sufficient factual allegations to support Defendants'

---

[1]Defendants have abandoned their state and federal counterclaims relating to alleged wiretap activities. Dkt. 21 at 7 n.1. Plaintiffs' motion to dismiss these claims is therefore GRANTED.

claims. The allegations may not include some facts Plaintiffs seek, such as specific trade secrets Plaintiffs allegedly misused. However, Defendants have met the low bar of demonstrating the grounds of their entitlement to relief on most of their counterclaims. Further factual development will occur during discovery.

Further, the court notes that the parties entered into an agreed protective order after Plaintiffs filed their motion to dismiss. Dkt. 30. The order acknowledges that the litigation may entail trade secrets and other sensitive information. *Id.* A number of Defendants' counterclaims involve such confidential information. *See* Dkt. 15 at 12–36. This newly established protective order will enable the parties to more freely identify the confidential information Plaintiffs seek without further compromising the parties' business interests. Thus, except as provided below, Plaintiffs' motion to dismiss is DENIED.

**A. Fraud**

Defendants' fraud counterclaim is subject to the more stringent pleading standard in Rule 9(b). Fed. R. Civ. P. 9(b). Under Rule 9(b), claimants must "state with particularity the circumstances constituting fraud." *Id.* This requires claimants to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)).

Here, Defendants identify the speakers and describe the alleged fraudulent statements generally. Dkt. 21 at 23. However, Defendants do not specify when and where Plaintiffs made the statements. *See* Dkt. 21 at 23. Plaintiffs' motion to dismiss is therefore GRANTED as to the fraud

claim. However, Defendants have not had an opportunity to amend their counterclaims, and the court concludes that amendment would not be futile in this regard. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—[leave to amend] should, as the rules require, be 'freely given.'"). Thus, Defendants' motion for leave to amend is GRANTED only as to the fraud claim. Dkt. 21 at 6. The court GRANTS Defendants twenty (20) days from the date of this order to amend their pleadings.

**B. Tortious Contract Interference and Conspiracy**

Defendants' claims for tortious interference with an existing contract also fail. Under governing Texas law, a claim for tortious interference must be brought against a stranger to the contract—it may not be brought against a contracting party. *Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995) (reasoning that allowing tortious interference claims against parties to a contract "would convert every breach of contract claim into a tort claim"). Thus, in order to prevail, Defendants must plead that Plaintiffs tortiously interfered with a contract between Defendants and a third party.

Defendants attempt to plead that plaintiff Progressive Medical Consultants, as a third party, tortiously interfered with certain contracts between Defendants and individual plaintiffs Shelby Mainzer and Jaime Frazier ("Individual Plaintiffs"). Dkt. 18 at 5. However, Defendants' own pleading defeats this argument. For liability purposes, Defendants argue that Progressive is the Individual Plaintiffs' alter ego because the Individual Plaintiffs act as Progressive's "sole

4

shareholder, sole director, and chief officer." Dkt. 15 at 29. Additionally, Defendants argue that the Individual Plaintiffs are agents of Progressive. *Id.* at 28–29.

Texas courts have repeatedly recognized that parties may be "so closely aligned" that the parties cannot tortiously interfere with each others' contracts. *Lassiter v. Wilkenfeld*, 930 S.W.2d 803, 808 (Tex. App.—Beaumont 1996, writ denied); *see also Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 690 (Tex. 2017); *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326–27 (Tex. App.—Houston 1995, no writ). Except in limited circumstances, "principal and agent are treated as one, and therefore neither the principal nor the agent can be held liable for tortious interference with each other." *Am. Med. Int'l, Inc. v. Giurintano*, 821 S.W.2d 331, 336 (Tex. App.—Houston [14th Dist.] 1991, no writ). Further, one party's status as an "owner, employee, officer, or shareholder" of the other may be enough to render the party incapable of tortious interference. *See Lassiter*, 930 S.W.2d at 808.

Here, taking Defendants' pleadings as true, the Individual Plaintiffs are so closely aligned with Progressive that none of the three plaintiffs can interfere in the others' contracts. The Individual Plaintiffs are Progressive's sole owners and regularly use Progressive's accounts to pay personal debts. Dkt. 15 at 29–31. Progressive's office functions as the Individual Plaintiffs' personal office, and the Individual Plaintiffs use their names and Progressive's name interchangeably in contracts. *Id.* Further, Defendants have not identified any action by Progressive that was not taken by the Individual Plaintiffs as Progressive's agents. *See id.* at 21–22. Thus, Progressive is not a third party capable of tortiously interfering with the Individual Plaintiffs' contracts with Defendants. Moreover, the court concludes that any further amendment of this claim would be futile. *See Foman*, 371 U.S. at 182. Plaintiffs' motion to dismiss Defendants' tortious contract

interference claim is GRANTED. Plaintiffs' motion to dismiss the related claim of conspiracy to commit tortious contract interference is also GRANTED.[2]

### IV. CONCLUSION

Plaintiffs' motion to dismiss (Dkt. 18) is GRANTED with respect to Defendants' wiretap, fraud, and tortious interference with contracts claims. It is DENIED in all other respects. Defendants are ORDERED to submit amended pleadings within twenty (20) days of this order as provided above.

Signed at Houston, Texas on December 20, 2018.

_____
Gray H. Miller
Senior United States District Judge

---

[2] The court notes that Defendants also bring a tortious interference with business relations claim, which is also subject to the third-party-defendant rule. Dkt. 15 at 23; *Am. Med. Int'l, Inc.*, 821 S.W.2d at 336. However, in that claim, Defendants adequately plead that the Plaintiffs interfered with business relationships between Defendants and third parties. *See* Dkt. 15 at 23–24.